E-FILED
Thursday, 17 October, 2013  09:36:26 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CORNELL VINEGAR,            ) | |
|    Plaintiff,            ) | |
|                    ) | |
| vs.            ) | No. 11-1444 |
|                    ) | |
| RON BEEBE, *et al.*,            ) | |
|    Defendants.            ) | |

**SUMMARY JUDGMENT OPINION**

This cause is before the Court for consideration of the Defendants' and Plaintiff's Motions for Summary Judgment on the issue of exhaustion [d/e 16, 20, 34]. Plaintiff, a state prisoner, filed his lawsuit pursuant to 42 U.S.C. § 1983 claiming that his constitutional rights were violated at Illinois River Correctional Center in October 2011. On February 21, 2012, the Court conducted a merit review of the Plaintiff's Complaint and found that Plaintiff had stated the following constitutional claims against Defendants Beebe, Wilcoxen, and Brown: 1) an Eighth Amendment claim for excessive force/failure to intervene; 2) an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs by failing to take Plaintff for medical treatment after the excessive force; and 3) a First Amendment claim for retaliating against Plaintiff for filing grievances against Defendant Beebe.

**A. LEGAL STANDARD**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358

(7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### B. ANALYSIS

Defendants argue in their Motions for Summary Judgment that prior to the actions complained of in this lawsuit, Plaintiff appealed a grievance containing general complaints about the staff at Illinois River and verbal complaints to his Counselor related to Defendant Beebe.[1] The Prison Litigation Reform Act (herein PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Therefore, if an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Pozo*, 286 F.3d at 1025.

---

[1] While Plaintiff filed his own Motion for Summary Judgment [d/e 20] its substance is responsive to Defendants' Motions for Summary Judgment [d/e 16, 34], and so the Court will consider Plaintiff's Motion in conjunction with Defendants' Motions for Summary Judgment.

The Illinois Department of Corrections has an established grievance process. *See* 20 ILL. ADMIN. CODE §§ 504.800 *et seq*. An inmate is first required to speak with a counselor about the contested issue. 20 ILL. ADMIN. CODE § 504.810(a). If the counselor does not resolve the problem, the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident. *Id*. The Grievance Officer submits his recommendation to the Chief Administrative Officer who "shall advise the offender of the final decision in writing within two months after receipt of the written grievance, where reasonably feasible." 20 ILL. ADMIN. CODE § 504.830(d). If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board within 30 days after the date of the Chief Administrative Officer's decision. 20 ILL. ADMIN. CODE § 504.850(a). The Director shall then review the findings and recommendations of the board and make a final determination within six months after receipt of the grievance. 20 ILL. ADMIN. CODE § 504.850(f). When an inmate has received a copy of the Director's decision, the grievance procedure is complete.

Here, Defendants Beebe and Wilcoxen attached the Affidavit of Jackie Miller, an Administrative Review Board (ARB) Chairperson with the Office of Inmate Issues for the Illinois Department of Corrections (IDOC), which provides that Miller searched Plaintiff's ARB records and found only one grievance related to Defendant Beebe or an assault by Beebe in October 2011. The one grievance found was dated May 13, 2011 and complained generally that staff members at Illinois River were racist and discriminated against offenders. A final response from the ARB was dated December 6, 2011. Defendants also point to grievances Plaintiff filed dated September 6, 2011 and September 7, 2011 complaining about racism at Illinois River and directing complaints against Defendant Beebe, respectively. Defendants point out that the

allegations of Plaintiff's Complaint center around an incident that occurred after September 2011. They also contend that Plaintiff's Counselor, Robbie Johnson, received only three grievances subsequent to the September 7, 2011 grievance, but that those three grievances did not pertain to staff conduct or Defendant Beebe, and all three grievances received responses at the institutional level.

Plaintiff counters that he continually tried to exhaust all administrative remedies concerning the allegations of his Complaint. Specifically, Plaintiff says that the Grievance Officers at Illinois River hindered the grievance process in order to silence the ongoing situation between Plaintiff and one of their own. Plaintiff attached to his Motion for Summary Judgment a copy of a grievance dated October 19, 2011, containing complaints related to the allegations of his case which he says he submitted but did not receive a response from the Grievance Officer. Indeed, no Counselor's Response appears in the grievance, and it is not stamped as received by any office within IDOC. Plaintiff also attached a letter dated November 19, 2011 addressed to his grievance counselor, Johnson, regarding the whereabouts of the grievance he filed on October 18, 2011.[2]

Defendants dispute that Plaintiff filed the October 19, 2011 grievance, pointing out that it contains no indication it was properly filed and is not listed among the grievances received by the Grievance Officer after the September 7, 2011 grievance. Plaintiff says that Counselor Johnson continues to hinder and hide the grievance process at Illinois River by saying in his Affidavit (attached to Defendants Beebe's and Wilcoxen's Response to Plaintiff's Motion for Summary Judgment) that Plaintiff only filed three grievances since September 7, 2011. Plaintiff also says that the documents presented include all the indications that his grievances were

---

[2] The November 19, 2011 letter to Counselor Johnson, Exhibit 1 attached to Plaintiff's Motion for Summary Judgment, provides the date of "Oct. 18th, 2011," though the grievance to which the letter appears to refer is dated October 19, 2011.

properly filed and hindered by Johnson.  Finally, Plaintiff argues that based upon the documents in the record, he has clearly and always attempted to exhaust all administrative remedies at each level by first filing grievances.  Attached to his Reply in support of his Motion for Summary Judgment are numerous grievances he submitted that include a Counselor's Response as well as a Grievance Officer's Report and Chief Administrative Officer's Response.

The Court finds that Plaintiff did not properly and fully exhaust the contested issues in this case before filing his lawsuit on November 22, 2011.  Therefore, the question is whether administrative remedies were truly "available" to Plaintiff.  42 U.S.C. § 1997e(a).  The PLRA, does not define "availability" for purposes of the exhaustion requirement.  However, the Seventh Circuit has held that the "availability of a remedy is not a matter of what appears on paper, but, rather, whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 F. App'x 10, 13 (7th Cir. 2009), (*quoting Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)).  For example, prison officials who engage in affirmative misconduct, *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), or fail to respond to grievances, render the grievance process unavailable to an inmate.  *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

Here, as Plaintiff himself points out and as his own exhibits show, he has continually and properly submitted grievances in accordance with IDOC's administrative rules.  That the only grievance that allegedly went unanswered was the one and only grievance pertaining to the allegations of his Complaint is dubious.  Moreover, even assuming that Plaintiff submitted the October 19, 2011 grievance on that date, and even assuming he did send a letter on November 19, 2011 inquiring about a response to the grievance, he certainly did not allow IDOC a reasonable time in which to follow up on the matter and respond to the October 19, 2011 grievance before filing his lawsuit on November 22, 2011, just three days after sending his

follow-up letter and less than two months after filing his grievance. *See Mlaska v. Shah*, 428 F. App'x 642, 645 (7th Cir. 2011) (noting that prisoner had not allowed the prison a reasonable time to respond to his grievances at the time he filed suit where prisoner filed suit at most three months after his earliest grievance and within days of his last grievance); *Ford v. Johnson*, 362 F.3d 395, 400 (7th Cir. 2004) ("Illinois made a process available to [the plaintiff]; he had to stick with that process until its conclusion rather than make a beeline for court just because the administrative officials gave his appeal the time needed to resolve it.").

Further, 20 Ill. Admin. Code § 504.810(a) provides in relevant part that, "A grievance shall be filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." At the time Plaintiff allegedly sent his letter to Counselor Johnson to inquire about his October 19, 2011 grievance, he had plenty of time to re-submit the grievance in order to get a response which he could then pursue through the next steps in the administrative process. The record makes clear that Plaintiff was more than capable of availing himself of the grievance process in a timely and proper manner on various issues. Ultimately, the Court finds that Plaintiff's administrative remedies were truly available to him, and that he simply failed to submit a grievance pertaining to the issues alleged in his Complaint "in the place, and at the time, the prison's administrative rules require." *See Pozo*, 286 F.3d at 1025. Defendants are accordingly entitled to summary judgment on the issue of exhaustion.

**IT IS THEREFORE ORDERED:**

**1) Defendants' Motions for Summary Judgment on the issue of exhaustion are GRANTED [d/e 16, 34]. Plaintiff's Motion for Summary Judgment is DENIED [d/e 20]. The Clerk of the Court is directed to enter judgment in favor of Defendants and against**

**Plaintiff. This case is terminated, with the parties to bear their own costs. All deadlines and settings on the Court's calendar are vacated.**

**2) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

**3) If Plaintiff wishes to proceed in forma pauperis on appeal, his motion for leave to appeal in forma pauperis must identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith.** *See* **Fed. R. App. P. 24(a)(1)(c);** *see also Celske v. Edwards*, **164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith.");** *Walker v. O'Brien*, **216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED this 17th day of October, 2013.

                                                  s/ Joe B. McDade
                                       _____
                                          JOE BILLY McDADE
                                   UNITED STATES DISTRICT JUDGE